

**BORRELLI & ASSOCIATES**
P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

February 8, 2016

<u>Via Electronic Case Filing</u>
The Honorable Peggy Kuo
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Luisa Alvis Garay v. Taino Star Pharmacy et. al.*
     <u>Case No.: 1:14-cv-04190 (SLT)(PK)</u>

Dear Judge Kuo:

  This office represents the Plaintiff, Luisa Maria Alvis Garay, (hereinafter "Plaintiff"), in the above-captioned matter in which she brings claims against Taino Star Pharmacy d/b/a Taino Pharmacy, Elmhurst Star Pharmacy d/b/a Elmhusrt 82 Pharmacy, and Satya "Sam" Dasari (collectively as "Defendants") (together, with Plaintiff, as "the Parties"), for alleged violations of the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"). On November 19, 2015, the Parties attended a pre-trial conference before Your Honor. The Parties had reached an agreement in principle, but disagreed on the non-monetary terms that should be included in the settlement agreement. Shortly thereafter, with Your Honor's guidance, the Parties reached an agreement with regard to those terms, and have since reduced their agreement to a formal written document. The Parties' Settlement Agreement ("Agreement") is attached hereto as **Exhibit A**. We write now to explain the terms of the Parties' settlement of Plaintiff's

FLSA claims, and to seek approval of that agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015).[1]

I.      **Terms of FLSA Settlement**

Following the conference held on November 19, 2015, the Parties reached an agreement to settle this lawsuit for $15,000.00 (hereinafter the "Settlement Sum").

From the Settlement Sum, Plaintiffs' attorneys will receive $5,000.00 for their attorney's fees - - representing one-third of the total Settlement Sum - - plus $1,761.31 for their litigation costs.

The Parties respectfully submit that this amount and allocation is fair and reasonable under the circumstances for the reasons detailed below.

II.     **Allegations Supporting the Proposed Settlement Terms**

Plaintiff worked for Defendants as a retail worker in Defendants' pharmacies at varying points from in or around September 2008 until December 2012. The relevant time period for purposes of Plaintiff's FLSA claims is December 2011 through the end of Plaintiff's employment in December 2012. During the relevant time period, Plaintiff alleges that she worked in excess of forty hours per week but that Defendants never compensated her for the hours that she worked at the applicable minimum wage or overtime rates for hours worked over forty.

Defendants steadfastly deny these allegations and maintain that they paid Plaintiff for all hours worked in accordance with the law.

III.    **Reasonableness of Proposed Settlement Terms**

In evaluating a proposed settlement of FLSA claims, courts in this district apply the five-factor test articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The *Wolinsky* factors consider: (a) the plaintiff's range of possible recovery; (b) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (c) the seriousness of the litigation risks

---

[1] Plaintiff also brings claims for Defendants' alleged violations of numerous provisions of the New York Labor Law and the New York City Compilation of Codes, Rules and Regulations, which do not require court approval.

faced by the parties; (d) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (e) the possibility of fraud or collusion.

### (A) Range of Possible Recovery

Here, regarding the first *Wolinsky* factor, the parties dispute the number of hours that Plaintiff worked. However, the Parties agree that the Plaintiff's FLSA damages, inclusive of liquidated damages, would not exceed $1,000. Thus, even after paying her counsel, Plaintiff is receiving approximately 8 times her maximum FLSA recovery.

### (B) Litigation Expenses, Burdens, and Risks

Regarding the second and third *Wolinsky* factors, if the Parties failed to reach a settlement, the litigation expenses were prepared to substantially increase, with depositions on the horizon and an eventual trial on contested factual issues. Further, the Parties are currently embroiled in a State Court case on the basis of Plaintiff's claims of discrimination. Most importantly, even if successful at trial, Plaintiff could not mathematically recover a greater judgment than what she is receiving under the settlement.

### (C) Arm's-Length Bargaining and No Fraud or Collusion

As to whether the settlement is the product of arm's-length bargaining and is a reasonable, non-collusive resolution of the FLSA claims, the settlement negotiations took place over several months and concluded only after significant discussion between the Parties as well as guidance from Your Honor on how the case should be disposed. Accordingly, the Court was able to observe first-hand how adversarial this litigation was.

Further absent from this settlement are any factors that would militate against the Court approving it. Plaintiff's release is narrowly tailored, and serves to release only pre-existing wage claims and therefore does not fall into the category of releases that are so broad as to run afoul of standards of fairness and reasonableness. *See Flood v. Carlson Restaurants Inc.*, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015); *Lopez v. Nights of Cabiria, LLC*, 2015 WL 1455689, at *6-7 (S.D.N.Y. Mar. 30, 2015).

Finally, the Agreement does not contain a confidentiality clause that may "run afoul the purposes of the FLSA and the public's independent interest in assuring that employee's wages are fair." *Flood*, 2015 WL 4111668, at *1 (citing *Lopez,* 2015 WL 1455689, at *5).

    *(D)    Plaintiffs' Attorneys' Fees are Reasonable*

With respect to the legal fees, Plaintiff's attorneys' fees of $5,000.00 are limited to one-third of the total settlement amount. Courts in this Circuit routinely approve attorneys' fees awards at a rate of one-third of the total settlement. *Cregg v. Firstservice Residential N.Y., Inc.*, Case No. 15-cv-3876-LB, Dkt. No. 14 at *4-5 (E.D.N.Y. Dec. 09, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases setting attorneys' fees at 33% of the settlement). Further evidencing the fairness of the attorney's fees portion of the settlement amount, Plaintiff's counsel have billed over 246.9 hours on this matter to date - - amounting to more than $56,675 in fees. Therefore, the $5,000 allotment of the settlement amount to attorney's fees is fair. Further, the Firm has expended $1,761.31 in litigation expenses. An itemized statement of expenses on this case is annexed hereto as Exhibit B for the Court's review.

## IV.    Conclusion

For the forgoing reasons, Plaintiff, on behalf of the Parties, respectfully request that the Court approve the settlement of Plaintiff's FLSA claims on the terms set forth in the Agreement and described herein. Once the Court does so, the Parties will submit a stipulation of dismissal with respect to the entire litigation.

    Respectfully submitted,

    /s/Caitlin A. McNaughton
    Caitlin A. McNaughton, Esq.
    *For the Firm*

Enclosure